## E. J. Thacker v. M. V. Gudgel.

**Vendor and Purchaser—Rights Under Contract of Sale.**
A vendor of land can not retain the benefits of a contract of sale and refuse to execute a deed for the land.

### APPEAL FROM ANDERSON CIRCUIT COURT.

December 11, 1873.

Opinion by Judge Pryor:

The appellant's land had been sold under execution, as well as by the sale of his assignee in bankruptcy, and he was left without land or a homestead except his asserted claim to the forty acres.

His father-in-law, Hedden, as well as Thacker himself, must have had some object in view when making the compromise with those who had purchased Thacker's land, and were liable, as his sureties, to Caldwell & Co. Thacker has been released from the payment of his debts by his discharge in bankruptcy, and hence the settlement of these debts could have formed no inducement for his father-in-law to purchase the 70 acres bought by Gudgel, or for Thacker to assume a part of Gudgel's liability on the $600 note to McDonald. The evidence shows that Hedden paid more for the land than it was worth, and by assuming the view of the case presented by counsel for the appellee, both Hedden and Thacker were creating or assuming obligations to pay, without any motive whatever. Thacker had erected a small building on what he termed his homestead, and after the sale of it to Gudgel was still asserting claim to it; and his object, as well as that of his father-in-law, was to secure this forty acres to himself and family; and from the evidence in the case he believed that this was accomplished when the matters were adjusted at Mills's office, in Lawrenceburg.

All that took place, as proven, at the time this settlement was made, may be regarded as true, and its verity cannot be questioned, and still Thacker, under the facts of this case, is entitled to the land. Mills says that when he prepared the writings between the parties, he asked if the forty acres was to be included, and some one

23

responded not. Whether Thacker was present at the time or not, and heard what was said, he does not pretend to state. He was at some time during the settlement in the room, as to which all the witnesses concur, and the only fact that speaks strongly against him is his failure to have that portion of the settlement, in which he was interested, reduced to writing. The parties interested in affecting this compromise were McDonald, Mothershead, the appellant and Gudgel, the appellee. Three of the parties, McDonald, Mothershead and appellant, give the inducement for making the settlement, and state positively that one of its terms was the unconditional surrender by Gudgel to Thacker of the former title to the forty acres. They make a plain and positive statement of the facts, and are not contradicted except by the appellee himself and by the proof of some statements alleged to have been made by Thacker afterwards. When their statements are connected with the action of the father-in-law, in paying $1,000 for a part of the land, and Thacker having Gudgel released from the $600 note, it is conclusive that the motive and the consideration for all this was the agreement on the part of Gudgel to have the sale of the forty acres set aside. Thacker may have supposed that it was unnecessary to reduce it to writing, as the principal object seems to have been to secure the purchase by Hedden of the 70 acres. Mothershead was insolvent, Thacker released by bankruptcy and Gudgel alone liable for the $600 note to McDonald. Gudgel, and those with him on the indemnifying bond, got from Hedden the $1,000 to pay on the Caldwell debt, the former is released from liability on the note to McDonald; and still it is insisted, under the facts of this case, that there was no consideration for it. The statute of frauds cannot affect the defense to the action. The consideration has been paid for the land. The appellant is in the possession, and it would be inconsistent to permit the appellee to retain the benefits of the contract and refuse on his part to execute it. The judgment of the court below is reversed and cause remanded with directions to enforce the agreement, and compel the appellee to make to appellant a deed for the forty acres of land and for further proceedings consistent herewith.

*Felix Thompson, for appellant.*

*Lindsey, for appellee.*